***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted April 24, reversed and remanded for entry of judgment omitting the "[i]mmediately due" requirement, otherwise affirmed June 28, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CORY AARON BREEDING,
*Defendant-Appellant.*

Baker County Circuit Court
20CR51719; A178072

Matthew B. Shirtcliff, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded for entry of judgment omitting the "[i]mmediately due" requirement; otherwise affirmed.

**POWERS, J.**

In this criminal appeal, defendant admitted violating his probation, and the trial court revoked probation and imposed, among other parts of the sentence, a $500 fine that was "[i]mmediately due" along with a term of incarceration. On appeal, defendant's challenge is narrowly focused on one aspect of the fine. That is, he does not take issue with the imposition of the fine, which had been previously imposed but was suspended; rather, defendant argues that the trial court erred by ordering that the fine was "[i]mmediately due" without first finding that defendant had the ability to pay. *See* ORS 161.675(1) (providing that, "[i]f a defendant is sentenced to a term of imprisonment, any part of the sentence that requires the payment of a sum of money for any purpose is enforceable during the period of imprisonment if the court expressly finds that the defendant has assets to pay all or part of the amounts ordered"). The state concedes that the trial court erred, and we accept that concession. Accordingly, we reverse and remand with instructions to omit the requirement that the fine be "[i]mmediately due." *See State v. Hackett*, 315 Or App 360, 371, 502 P3d 228 (2021), *rev den*, 369 Or 338 (2022) (reversing and remanding with instructions).

Reversed and remanded for entry of judgment omitting the "[i]mmediately due" requirement; otherwise affirmed.